IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

CASE NO.

GRAHAM HOOPER,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

DIGITAL MEDIA SOLUTIONS, LLC,

    Defendant.
_____/

CLASS ACTION

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff Graham Hooper brings this class action against Defendant Digital Media Solutions, LLC and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), arising from Defendant's violations of the TCPA and its implementing regulations.

2. To promote various lending services, Defendant engages in unsolicited text messaging with no regard for consumers' privacy rights.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct.

4. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as

***ELECTRONICALLY FILED 01/01/2021 07:59:21 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## PARTIES

5. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Philadelphia County, Pennsylvania, and the subscriber and user of the cellular telephone number ending in 5783 (the "5783 Number").

6. Defendant is, and at all times relevant hereto was, a limited liability company organized, with its principal place of business located at 4800 140th Avenue N., Suite 101, Clearwater, Florida 33762. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION, VENUE, AND STANDING

7. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Section 26.012(2), Florida Statutes. The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

8. Defendant is subject to personal jurisdiction in this state because its principal place of business is in Florida.

9. Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

10. Plaintiff has standing to maintain this action because he suffered a legal injury as a result of Defendant's violations of the TCPA, and because he is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## FACTS

13. On or about June 11, 2020, Defendant sent the following unsolicited text messages to Plaintiff's 5783 Number:



14. The purpose of Defendant's text messages was to solicit and promote Defendant's good and/or services as evidence by the wording of the texts.

15. Upon information and belief, Defendant caused similar text messages to be sent to other individuals.

16. Plaintiff is the sole user and/or subscriber of the cellular telephone number that received the above text message.

17. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted using an ATDS.

18. Plaintiff has never had any type of business relationship with Defendant.

19. Plaintiff did not otherwise disclose his cellular telephone number to Defendant.

20. The impersonal and generic nature of Defendant's text message demonstrates that Defendant utilized an ATDS in transmitting the message.

21. The number used by Defendant to transmit the subject text message solicitations (467-58) is known as a "short code." Short codes are short digit sequences, significantly shorter than telephone numbers, that are used to address messages in the Multimedia Messaging System and short message service systems of mobile network operators.

22. Text messages using a short code can only be sent using a computer, and cannot be sent using a traditional telephone.

23. The impersonal and generic nature of Defendant's text messages, coupled with the fact that they were originated from a short-code, demonstrates that Defendant utilized an automatic telephone dialing system, *i.e.*, an ATDS, in transmitting the messages.

24. Upon information and belief, to send the text message, Defendant used a messaging platform (the "Platform"), which permitted Defendant to transmit thousands of text messages automatically and without any human involvement.

25. Upon information and belief, the Platform has the capacity to store telephone numbers.

26. Upon information and belief, the Platform has the capacity to generate sequential numbers.

27. Upon information and belief, the Platform has the capacity to dial numbers in sequential order.

28. Upon information and belief, the Platform has the capacity to dial numbers from a list of numbers.

29. Upon information and belief, the Platform has the capacity to dial numbers without human intervention.

30. Upon information and belief, the Platform has the capacity to schedule the time and date for future transmission of text messages.

31. Defendant's unsolicited text messages caused Plaintiff harm, including invasion of his privacy and annoyance. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

32. Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiffs seeks to represent is comprised of and defined as:

> **No Consent Class:** All persons in the United States who from four years prior to the filing of this action until the date of a certification order [1] received a text message on his or her cellular phone number from Defendant [2] using the same equipment used to send the text messages to Plaintiff [3] for the purpose of advertising and/or promoting Defendant's property, goods, and/or services.

33. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

34. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express

17

consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

35. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

36. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    a. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

    b. Whether Defendant can meet its burden of showing that it had express written consent to make such calls;

    c. Whether Defendant's conduct was knowing and willful;

    d. Whether Defendant is liable for damages, and the amount of such damages; and

    e. Whether Defendant should be enjoined from such conduct in the future.

37. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

38. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

39. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

40. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

41. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)
*Individually and on behalf of the No Consent Class*

42. Plaintiff re-alleges and incorporates paragraphs 1-41 as if fully set forth herein.

43. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone

dialing system ... to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii).

44. The TCPA defines an "automatic telephone dialing system" (hereinafter "ATDS") as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* at § 227(a)(1).

45. Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

46. These calls were made without regard to whether Defendant had express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

47. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

48. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

**WHEREFORE**, Plaintiff Graham Hooper, on behalf of himself and the other members of the Class, prays for the following relief:

   a    A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

   b.   A declaration that Defendant's violations of the Telephone Consumer Protection

Act, 47 U.S.C. § 227, were willful and knowing;

 c. An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

 d. An award of actual, statutory damages, and/or trebled statutory damages; and

 e. Such further and other relief the Court deems reasonable and just.

## COUNT II
## VIOLATION OF 47 C.F.R. § 64.1200
*Individually and on behalf of the No Consent Class*

49. Plaintiff re-alleges and incorporates paragraphs 1-41 as if fully set forth herein.

50. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… using an automatic telephone dialing system…To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

51. Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

52. These calls were made without regard to whether Defendant had express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

53. Defendant violated § 64.1200(a)(1)(iii) by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

54. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

**WHEREFORE**, Plaintiff Graham Hooper, on behalf of himself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate 47 C.F.R. § 64.1200(a)(1)(iii);

b. A declaration that Defendant's violations of 47 C.F.R. § 64.1200(a)(1)(iii) were willful and knowing;

c. An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

d. An award of actual, statutory damages, and/or trebled statutory damages; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

Date: January 1, 2021

                                                Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713