## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GRAHAM HOOPER, individually
and on behalf of all others similarly
situated,**

      **Plaintiff,**

**v.**                                                    **Case No: 8:21-cv-226-MSS-SPF**

**DIGITAL MEDIA SOLUTIONS,
LLC,**

      **Defendant.**

_____

### ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion to Remand to State Court, (Dkt. 7), Defendant's Response in Opposition thereto, (Dkt. 11), and Plaintiff's Reply in Support of Motion to Remand. (Dkt. 18) Plaintiff contends the Court lacks subject matter jurisdiction to hear his claim. Specifically, Plaintiff asserts he lacks the requisite standing to present his claim in federal court. In response, Defendant concedes this Court lacks subject matter jurisdiction but claims the two-dismissal rule – not the lack of standing – defeats the Court's subject matter jurisdiction. In consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Plaintiff's Motion to Remand to State Court.

Federal courts are courts of limited subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). A civil

case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). A removing defendant bears the burden of proving the existence of federal jurisdiction. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). The party invoking federal jurisdiction also bears the burden of proving standing. Bischoff v. Osceola County, Fla., 222 F.3d 874, 878 (11th Cir. 2000); See also Jenkins v. Simply Healthcare Plans, Inc., 479 F. Supp. 3d 1282, 1285 (S.D. Fla. 2020) (holding a removing defendant bears the burden of showing the plaintiff has Article III standing). "In the absence of standing, a court is not free to opine … [on] the merits of a plaintiff's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005).

On January 29, 2021, Defendant removed this case invoking federal jurisdiction under 28 U.S.C. § 1331, alleging Plaintiff's claim arises federal law. (Dkt. 1) Although Plaintiff's claim stems from a federal statute, Plaintiff asserts he lacks constitutional standing to bring the claim in federal court. (Dkt. 7) Defendant does not appear to dispute that Plaintiff lacks constitutional standing to bring his claim and agrees that the Court lacks subject matter jurisdiction. (Dkt. 11) However, Defendant contends the jurisdictional defect turns on whether Plaintiff's claim is barred by the two-dismissal rule and requests the Court accept jurisdiction and dismiss this action with prejudice on the merits. (Id.)

Absent subject matter jurisdiction, however, a court cannot reach the merits of a case. See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1234–35 (11th Cir. 2008) (holding a district court had no power to render a judgment

2

on the merits when it lacked subject matter jurisdiction). Without any contention that Plaintiff has standing, Defendant has failed to show that the Court has subject matter jurisdiction sufficient to accept the removal and render a judgment on the merits. The issue of the two-dismissal rule's preclusive effect will have to be taken up in the state court. Accordingly, Plaintiff's Motion to Remand is due to be granted.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand, (Dkt. 7), is **GRANTED**.

2. The Clerk is **DIRECTED** to **REMAND** this case to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

3. Thereafter, the Clerk is **DIRECTED** to **TERMINATE** any pending motions and **CLOSE** this case.


**DONE** and **ORDERED** in Tampa, Florida, this 15th day of March, 2021.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE


**Copies furnished to:**
Counsel of Record
Any Unrepresented Person